# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Northstar Healthcare Holdings, Inc.<br><br>      Debtor. | Chapter 7<br>Case No. 19-12262 (CSS)<br><br>**Hearing Date:  December 18, 2019 at 12:00 p.m.**<br>**Objection Date:  December 11, 2019 at 4:00 p.m.** |
| In re:<br><br>Northstar Healthcare Acquisitions, L.L.C.<br><br>      Debtor. | Chapter 7<br>Case No. 19-12263 (CSS) |
| In re:<br><br>Nobilis Health Corp.<br><br>      Debtor. | Chapter 7<br>Case No. 19-12264 (CSS) |

**APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a), BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1 FOR AUTHORITY TO EMPLOY AND RETAIN GIULIANO, MILLER & COMPANY, LLC AS ACCOUNTANTS AND FINANCIAL ADVISORS TO CHAPTER 7 TRUSTEE *NUNC PRO TUNC* TO OCTOBER 21, 2019**

Alfred T. Giuliano, the duly appointed chapter 7 trustee (the "Chapter 7 Trustee") of the estates of cases In re:  Northstar Healthcare Holdings, Inc., Case No. 19-12262-CSS; In re: Northstar Healthcare Acquisitions, L.L.C., Case No. 19-12263-CSS and In re:  Nobilis Health Corp., Case No. 19-12264-CSS (collectively, the "Debtors" or "Estates"), hereby respectfully submits this application (the "Application") for an order, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1, for authority to employ and retain Giuliano, Miller & Company, LLC ("GMC") as accountants and

1

financial advisors to the Chapter 7 Trustee, *nunc pro tunc* to October 21, 2019, and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of these cases and this Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## INTRODUCTION

3. On October 21, 2019 (the "Petition Date"), each of affiliated debtors Northstar Healthcare Holdings, Inc., Northstar Healthcare Acquisitions, L.L.C., and Nobilis Health Corp. (collectively, the "Debtors") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, thereby commencing the above-captioned chapter 7 cases (the "Bankruptcy Cases").

4. On or about the Petition Date, the Office of the United States Trustee appointed the Trustee as the chapter 7 trustee for the Estates of each of the Debtors.

5. To date, the Debtors have not filed their respective (i) lists containing the names and addresses of each entity included or to be included on Schedules D, E, F, G, and H for the Debtors as required by Bankruptcy Rule 1007(a)(2) (the "Schedules Lists") or the (ii) schedules, statements, and other documents required to be filed in the Bankruptcy Cases pursuant to Bankruptcy Rule 1007(b)(1) (the "Schedules and Documents" and, together with the Schedules Lists, the "Schedules, Lists and Financial Affairs"), and it is uncertain whether the Debtors

2

intend and/or have the ability to file such Schedules, Lists and Financial Affairs in a timely manner.

5. On November 4, 2019, the Chapter 7 Trustee filed a Motion of Alfred T. Giuliano, Chapter 7 Trustee for Order (1) Extending Time for the Debtors to File Schedules and Statements of Financial Affairs, and (2) Upon the Debtors' Failure to File within the Extension Period Authorizing but not Requiring Chapter 7 Trustee to Prepare and File Debtors' Schedules and Statements of Financial Affairs and Approving Trustees Reimbursement of Expenses Incurred as an Administrative Expense in each of the Debtors' Estates [Doc. Nos. 23, 23, 23] (collectively, the "Motions to Extend").  The Motions to Extend are currently pending and scheduled for hearing on December 18, 2019.

6. The Chapter 7 Trustee anticipates that the Debtors will likely fail to file the Schedules, Lists and Financial Affairs and that it will be necessary for the Chapter 7 Trustee together with the assistance of his proposed accountants GMC and proposed counsel Cozen O'Connor to obtain the necessary information to enable the Chapter 7 Trustee to complete, prepare and file the Debtors' Schedules, Lists and Financial Affairs which will include traveling and meeting with the collateral Receiver appointed under state law and designated representatives of the Debtors.

7. The Chapter 7 Trustee has decided, subject to this Court's approval, to retain GMC as the Chapter 7 Trustee's accountants and financial advisors in connection with the administration of these Bankruptcy Cases.

**APPLICATION TO EMPLOY AND RETAIN GMC**

8. By this Application, and pursuant to sections 327 and 328 of the Bankruptcy Code, the Chapter 7 Trustee seeks an order approving the employment and retention of GMC as

accountants and financial advisors in connection with the Debtors' Bankruptcy Cases, *nun pro tunc* to October 21, 2019.

9. Pursuant to section 327 of the Bankruptcy Code, a chapter 7 trustee may employ a professional to assist the chapter 7 trustee in carrying out the trustee's duties only if that professional is disinterested, as defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the estate.

10. Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under section 701 of the Bankruptcy Code to employ, subject to court approval, a professional to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

11. GMC has advised the Chapter 7 Trustee that GMC, insofar as they have been able to ascertain, neither holds an adverse interest in connection with the Debtors' Bankruptcy Cases, nor represents the Debtors, creditors, equity security holders or any other party in interest in connection with the Bankruptcy Cases, except as may be set forth in the Declaration of Donna Miller (the "Declaration"), which is annexed hereto as **Exhibit "1."** GMC will supplement or amend the Declaration, if necessary, upon completion of the Debtors' Debtors' Schedules, Lists and Financial Affairs.

12. The Chapter 7 Trustee has selected GMC because of its experience and knowledge and because of the absence of any conflict of interest. GMC has advised the Chapter 7 Trustee that GMC may have previously represented, may currently represent, and may in the future represent, in matters totally unrelated to the Debtors' Bankruptcy Cases, entities that are claimants of the Debtors or other parties-in-interest in these Bankruptcy Cases. GMC has not, except as disclosed in the Declaration, and will not represent any such party, or any of their

4

affiliates or subsidiaries, in relation to the Debtors or these Bankruptcy Cases. The Chapter 7 Trustee believes that GMC is qualified to represent the Chapter 7 Trustee in these Bankruptcy Cases.

13.     The services GMC may be required to render for the Chapter 7 Trustee include, without limitation, the following:

(a)     Locating & gathering electronic and hard copy financial and business records. Making backups of electronic financial and business records or removing servers. At Trustee's direction, coordinating transition of financial and business records from the Debtors to the Trustee;

(b)     Inventorying the Debtors' financial records;

(c)     Meeting with and advising the Trustee and/or counsel on matters concerning case administration, operations and managerial responsibilities as necessary, and potentially preparing the Debtors' Schedules, Lists and Financial Affairs which will include traveling and meeting with the collateral Receiver appointed under state law and designated representatives of the Debtors;

(d)     Performing any review, preparation, or audit of the Debtors' filed tax returns and prepare, if necessary, any additional filings with either the Internal Revenue Service or the relevant state authorities;

(e)     Performing an analysis of the Debtors' books and records regarding potential avoidance actions or other causes of action. This includes preparing a computer generated new value and ordinary course defense analyses;

(f)     Researching and advising the Trustee with respect to funds owed to the Debtors;

(g)     Assisting the Trustee and his retained professionals in analyzing and reconciling to the general ledger and other accounting records and tax returns/notices, as necessary, the claims, including tax claims filed against the Debtors' Estates;

(h)     Performing general accounting and tax advisory services to the Trustee regarding the administration of the Bankruptcy Cases;

(i)     Performing any auditing and/or "forensic accounting" services as required for the Trustee to administer the Bankruptcy Cases;

(j)     If appropriate, assist the Trustee in continuing to perform obligations required of administrator (as defined in Section 3 of the Employee Retirement Income Security

5

Act of 1974) of any employee benefit plans of the Debtors to the extent necessary under 11 U.S.C. §704(a)(11) or otherwise;

      (k)    Analyze the financial operations of the Debtors pre and post-petition, as necessary, where the Trustee is considering or is operating under 11 U.S.C. §721 or other court order;

      (l)    Conduct any requested financial analysis including verifying the material assets and liabilities of the Debtors, as necessary, and their values;

      (m)    Analyze, assist and advise with respect to any sale of the Debtors' assets;

      (n)    Analyze transactions with insiders, related and/or affiliated companies;

      (o)    Analyze transactions with the Debtors' financing institutions;

      (p)    Assist counsel in preparing for any depositions and testimony, as well as prepare for and provide expert testimony at depositions and court hearings, as requested; and

      (q)    Rendering such other assistance as the Trustee and/or his counsel may deem appropriate, including, but not limited to with respect to financial, business and economic issues that may arise.

      14.    The Chapter 7 Trustee requests that GMC be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that GMC incurs, in accordance with the ordinary and customary rates that are in effect on the date the services are rendered. GMC has advised the Chapter 7 Trustee that GMC's current range of hourly rates are as follows, subject to annual periodic change:

| | |
|---|---|
| Senior Member | $650.00 |
| Managers | $495.00 |
| Senior Staff | $395.00 - $425.00 |
| Staff | $295.00 - $325.00 |
| Paraprofessionals | $175.00 - $200.00 |

The Chapter 7 Trustee submits that GMC's customary hourly rates are reasonable.

6

**NOTICE**

15. Notice of this Application has been provided to (i) the United States Trustee (ii) counsel to the Debtors (iii) any party who has requested notice and service of papers in these Bankruptcy Cases pursuant to Bankruptcy Rule 2002. The Chapter 7 Trustee respectfully submits that no further notice of this Application is necessary.

16. No previous application for the relief sought herein has been made to this or any other Court.

**CONCLUSION**

WHEREFORE, the Chapter 7 Trustee respectfully requests that this Court enter an order, substantially in the form filed with the Application, authorizing the retention *nunc pro tunc* to October 21, 2019, in connection with these Bankruptcy Cases, and grant such other and further relief as is just and proper.

Dated:  November 18, 2019                    */s/ Alfred T. Giuliano*

                                             ALFRED T. GIULIANO, Chapter 7 Trustee
                                             Giuliano, Miller & Company, LLC
                                             Berlin Business Park
                                             140 Bradford Drive
                                             West Berlin, NJ 08091
                                             Phone:  856-767-3000 ext. 11
                                             Fax:   856-767-3500
                                             atgiuliano@giulianomiller.com